IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DIANA GRISALES-BASTO,
    Petitioner,

v.                                 Case No. 4:24cv427/MW/MAL

UNITED STATES OF AMERICA, ET AL.,
    Respondents.
                                               /

## ORDER, REPORT AND RECOMMENDATION

      This case is before me upon referral by the Clerk after Petitioner failed to respond to an Order to Show Cause regarding the submission of an amended § 2241 petition and the payment of the filing fee in this case.

      Petitioner initiated this case by filing an undated petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming the BOP has erred in computing her time served. ECF No. 2. On October 24, 2024, the undersigned entered an order directing Petitioner to (1) pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* with supporting documentation and (2) file an amended § 2241 petition with two service copies thereof. ECF No. 4. Petitioner was instructed to comply or before November 29, 2024, and she was warned that failure to timely comply with an order of the court would result in a recommendation that this case be dismissed. Petitioner did not respond.

On December 9, 2024, the Court issued an order directing Petitioner to show cause why this case should not be dismissed due to Petitioner's failure to comply with or respond to the previous order. ECF No. 5. The show cause response was due by December 23, 2024. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Petitioner was in custody at the Federal Correctional Institution in Tallahassee, Florida when she filed her petition. The Bureau of Prisons website now reflects she is housed at Miami Federal Detention Center with an "unknown" release date. *See* https://www3.fed.bop.gov/inmateloc/. Petitioner has not filed a notice of

change of address. Nonetheless, the clerk will be directed to forward a copy of this recommendation to Petitioner at both her address of record and to FDC Miami.

Accordingly, it is ORDERED:

The Clerk shall forward a copy of this recommendation to Petitioner at her address of record and to: FDC Miami, Federal Detention Center, P.O. Box 019120, Miami, FL 33101.

And it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241, ECF No. 1, be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on December 30, 2024.

                                  s/ *Midori A. Lowry*
                                  Midori A. Lowry
                                  United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.